AO 241
(Rev. 06/13)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**RECEIVE**
SEP 2 1 2017
AT 8:30
WILLIAM T. WALSH, CLE.

| United States District Court | District: NEW JERSEY |
|---|---|
| Name (under which you were convicted): Taron Hill | Docket or Case No. (PCR) A-2002 ... A-003415-13 |
| Place of Confinement: NEW JERSEY State Prison | Prisoner No.: 574724/720981C |
| Petitioner (include the name under which you were convicted) Taron Hill | v. Respondent (authorized person having custody of petitioner) STEVEN Johnson |
| The Attorney General of the State of Cris Cristie | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court of New Jersey
    Camden County Courthouse
    Hall of Justice
    Camden, NJ 08103          (PCR)          (DIRECT)

    (b) Criminal docket or case number (if you know): 074080 OR A-003415-13 And A-2002-07T4

2.  (a) Date of the judgment of conviction (if you know): Oct, 13th 2006

    (b) Date of sentencing: MAR. 13th 2007

3.  Length of sentence: 60 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    2 counts of first degree murder
    1 count of second degree possession of a weapon
    for unlawful purpose.
    1 count of third degree unlawful possession of a
    weapon.

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

Page 1

RECEIVE
SEP 2 1 2017
AT 8:30
WILLIAM T. WALSH CLE

Petition for Relief From a Conviction or Sentence
By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas)

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an in forma pauperis form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ __200.00__ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and __1__ copy to the Clerk of the United States District Court at this address:

    [✓] Camden: Mitchell H. Cohen U.S. Courthouse 4th & Cooper Streets Camden, NJ 08101

    [ ] Trenton: Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse 402 East State St. Trenton, NJ 08608

    [ ] Newark: Martin Luther King, Jr. Fed. Bldg. & U.S. Courthouse 50 Walnut St. Newark, NJ 07101

9. CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

*n/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: APP. DIV. / SUPREME COURT OF NEW JERSEY

(b) Docket or case number (if you know): (DIRECT) A-2642-07T4 (PCR) A-003415-13

(c) Result: AFFIRMED

(d) Date of result (if you know) (DIRECT) June 17th 2010 (PCR) June 28th 2016

(e) Citation to the case (if you know):

(f) Grounds raised:

1. trial court ERRED in denying defense counsel's motion for a new trial based on newly discovered evidence.
2. The jury's verdict was against the weight of the evidence. 3. The trial court ERRED by failing to merge count three with two. 4. the trial court abused its discretion by imposing consecutive 30yr. sentences.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: APP. DIV. / SUPREME COURT OF NEW JERSEY

(2) Docket or case number (if you know) (DIRECT) A-2642-07T4 (PCR) A-003415-13

(3) Result: AFFIRMED / CERTIFICATION DENIED

(4) Date of result (if you know):

(DIRECT) June 17th 2010 (PCR) June 28th 2016

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

SEE Addendum A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Camden County Courthouse.

(2) Docket or case number (if you know): A-003415-13

(3) Date of filing (if you know): Jan. 28th 2011

(4) Nature of the proceeding: PCR

(5) Grounds raised:

trial court erred in allowing states witnesses to testify in restraints and prison garb. trial counsel was ineffective in failing to object to court error.
trial counsel was ineffective in failing to request a Wade hearing.
trial counsel was ineffective in failing to conduct adequate investigation.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied

(8) Date of result (if you know):

June 28th 2013

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:    N/A

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):    N/A

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:   N/A

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: the trial court erred in denying defense counsel's motion for a new trial Based on newly Discovered evidence...

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): After defendant lost trial on oct 13th 2004. Defense counsel filed a motion for a new trial Based on newly Discovered evidence in which defendants father, uncle and aunt came forward claiming that defendants brother Anthony Hill admitted to them that he was the one who accidentally committed the murders in which his younger brother was convicted of. Defendant satisfied all three prongs required to be granted a new trial and therefore

(b) If you did not exhaust your state remedies on Ground One, explain why: should have been.

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One:

GROUND TWO: THE trial court erred in allowing state witnesses
to testify in Restraints and Prison garb... trial counsel was
ineffective for failing
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): to object.
At trial state's key witness Barrick Wesley testified while
wearing restraints and Prison garb. And states other witnesses
Karah Moore, Harry Capassa and Damien Harriell all
testified while wearing Prison garb.
signed certification from trial counsel enclosed.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ⊘ No

(2) If you did not raise this issue in your direct appeal, explain why:
facts of the case lie outside the trial Record and
therefore could not have been raised on Direct Appeal...

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
 Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief motion.

Name and location of the court where the motion or petition was filed:
Camden County Courthouse

Docket or case number (if you know): A-003415-13

Date of the court's decision:
June 28th 2013

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:** trial counsel was ineffective for failing to request a wade hearing and conduct an adequate investigation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~~defens~~ detectives showed the only eyewitness a single photo of defendant after witness Nakita Saunders claimed to have seen an individual by the name of Angie Moores nephew. (no other names or identifiers.) trial counsel should have investigated this issue., and the fact that defendant had an alibi defense in which counsel failed to present.

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

EVIDENCE lie outside the trial RECORD and therefore could not have been Raised on DiRect Appeal...

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Motion.

Name and location of the court where the motion or petition was filed:

Camden County Courthouse

Docket or case number (if you know): A-003415-13

Date of the court's decision: June 28th 2013

Result (attach a copy of the court's opinion or order, if available):

denied

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

New Jersey Appellate Division...

Docket or case number (if you know): A-003415-13

Date of the court's decision: June 28th 2016

Result (attach a copy of the court's opinion or order, if available):

denied

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Three:

GROUND FOUR: *trial counsel was ineffective in failing to conduct*
*an adequate investigation & failed to present alibi defense.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Defendant claim he was at home with his girlfriend*
*Sonja still at the time these murders were committed.*
*Sonja still provided a statement to police verifying*
*this fact. Also an notice of alibi was submitted to*
*the trial court. counsel still failed to present.*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?   

       (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:

       *Post-Conviction Relief*

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

NEW JERSEY SUPERIOR COURT (APP. DIV.)

Docket or case number (if you know): A-003415-13

Date of the court's decision: JUNE 28th 2016

Result (attach a copy of the court's opinion or order, if available):

DENIED

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

NEW JERSEY SUPREME COURT.

Docket or case number (if you know): 078080

Date of the court's decision: Nov. 9th 2016

Result (attach a copy of the court's opinion or order, if available):

DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

N/A

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241
(Rev. 06/13)

Page 14

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: John A. Klamo

(b) At arraignment and plea: 800 N. Kings Hwy, Ste. 507

(c) At trial: Cherry Hill, N.J. 08034

(d) At sentencing:

(e) On appeal: William Welaj

(f) In any post-conviction proceeding: Quentin Driskell

(g) On appeal from any ruling against you in a post-conviction proceeding: Quentin Driskell

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Judgment of Conviction: October 13th 2006
Sentencing Date: March 13th 2007
On January 31st 2008, a notice of appeal with the Appellate Division was filed.

AO 241
(Rev. 06/13)                                                        Page 15

On June 17th 2010, the App. Div.
affirmed defendants conviction.

On October 28th 2010, the New Jersey
Supreme Court denied defendants petition
for certification.

On December 15th 2010, defendant filed a
Pro Se petition for post-conviction relief..

On June 28th 2013, defendants PCR was
heard and denied.

On April 1st 2014, a notice of appeal was filed.

On June 28th 2016, App. Div. affirmed the lower
courts decision.

On September 22th 2016, defendant filed a
petition for certification to the N.J. Supreme court.
November 9th 2016, N.J. Supreme court denied petition.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
            custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

           (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                  of the time for seeking such review;

           (B)     the date on which the impediment to filing an application created by State action in violation of
                  the Constitution or laws of the United States is removed, if the applicant was prevented from
                  filing by such state action;

           (C)     the date on which the constitutional right asserted was initally recognized by the Supreme Court,
                  if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                  cases on collateral review; or

           (D)     the date on which the factual predicate of the claim or claims presented could have been
                  discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

Page 16

(2)      The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *VACATE my convictions and
give the state a specific time frame in which to
Retry me or any other Relief court may see sought,*
or any other relief to which petitioner may be entitled.

_____
*PRO SE*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on *Aug 10th, 2017* (month, date, year).

Executed (signed) on *Aug. 10th 2017* (date).

_____
Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on _____ (date)

Signature of Petitioner _____

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Ground one: the trial court erred in denying defense counsel's motion for a new trial Based on newly Discovered Evidence...

Specific facts: (A) Following his conviction, defendant moved for a new trial. newly discovered evidence establishes that defendant's brother Anthony had confessed to the murders.

On march 2nd, 2007, an evidentiary hearing was conducted in front of Judge Thomas A. Brown Jr. in which several witnesses were presented. namely, the father of both Taron Hill, as well as Anthony Hill. The Aunt and uncle of both Taron Hill and Anthony Hill. Also, Sonja still and the defendant himself.

At the hearing, Anthony Blake testified that while the jury was deliberating, he telephoned his son Anthony and told him to come to the courthouse, to be with his family, because "it didn't look good for defendant. According to Blake, Anthony confessed to the crime in considerable detail over the course of that twenty minute telephone conversation, admitting that it was he, not defendant, who had killed the two victims while shooting at Moore.

Defendant also testified at the hearing, asserting that his brother Anthony confessed to him by telephone just after the jury delivered the verdict.

1.

Defendant testified that Anthony admitted his guilt, apologized and promised to turn himself in to police. Defendant's aunt, Stacy Hill Fontanez, testified that she saw Anthony that day and overheard the telephone conversation defendant had described. According to defendant, Anthony continued to make that promise in letters he wrote to defendant, although defendant never produced the letters.

Brian Hill, defendant's uncle and Anthony's uncle, testified that he brought Anthony to an attorney with the intention that, once represented by counsel, Anthony would turn himself in. Hill claimed to have eavesdropped on Anthony's conversation with the lawyer by positioning himself just outside the closed office door. According to Hill, he overheard Anthony describe the night's events in considerable detail.

Defendant also presented the testimony of his friend, Sonja Still, who testified that Anthony admitted to the shootings the night before the jury returned its verdict, promising to confess in the event of defendant's conviction. Still also recalled that she was with defendant on the night of the murders from 8:00 p.m. to 1:00 a.m. and that Anthony had been driving the vibe that night.

2.

Ground two: trial court erred in allowing state's key witness Barrick Wesley to testify in prison garb and restraints. and other state witnesses Karah Moore, Harry Cabassa and Damian Harriel to testify in prison garb... trial counsel was ineffective in failing to object to this court error.

Specific facts: (A) In a PRO SE submission to the court below, defendant argued that the trial court erred when it allowed some of the state's witnesses to appear in prison clothing and, in one instance, handcuffs and leg shackles. The court below determined that this claim was barred under R. 3:22-4, as it could have been raised in defendants direct appeal.

Defendant argued that he should have been granted an evidentiary hearing to establish the facts of this court error. After the lower court denied the hearing. Defendant was able to obtain a signed certification from his trial counsel bearing witness to this court error. Copy of certification enclosed.

3.

Ground three: trial counsel was ineffective for failing to request a Wade hearing.

(A) Supporting facts: On or around October 12th 2004. Wakita Saunders was picked up for questioning. Ms. Saunders was the only identifying witness in regards to the shooting that happened on September 25th 2004. In her out of court statement, Saunders claimed to have known the individual who did the shooting that night. Though not by name, she referred to him as nephew. And said, her and his Aunt Angie Moore were very close friends. Saunders gave a description of being tall, light-skinned, light brown eyes. Based on this information, a single photograph of Taron Hill was shown, to Ms. Saunders and which, she positively identified as being the individual she saw that night.

Later at trial, Saunders found out who defendants father and mother was. Claiming to have went to school with them when they

4.

WERE younger. WHEN ASKED why didn't she mention. defendants father or mother name when questioned instead of associating defendant with Angie Moore. She replied, she always thought defendant was Angie Moores nephew for some reason.

Defendants trial counsel should have requested a WADE hearing based on the identification procedure that took place..

5.

Ground four: Trial counsel was ineffective in failing to present an alibi defense.

Supporting facts (A) On October 27th 2004. Sonja Still was questioned in regards to Taron Hill's whereabouts. Sonja claimed to have come down to Camden in the evening hours on the night of the shooting with her friend Jeanette and her 9 month old son at that time. Still said, Taron met up with her at her friend's Jamay house, who at the time lived on Morton st. Still claim that around 8pm - 9pm. Anthony, Taron's brother, came and picked them up off of Morton st. And took them to Taron's house.

While Sonja, couldn't remember what day it was that the shooting took place. She was pretty sure she went to school the next day. Though the shooting took place on a friday.

6.