UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TARON HILL, | : | Civil Action No. 17-7338 (RMB) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| STEVEN JOHNSON and ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondents. | : | |

On September 21, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) The matter is before the Court upon Respondents' Motion to Dismiss Petition on Timeliness Grounds ("Resp't Mot. to Dismiss," ECF No. 5); Petitioner's Mot. for Stay and Abeyance until Second PCR is Heard and Final ("Pet'r Mot. to Stay," ECF No. 7); and Petitioner's Motion for Equitable Tolling ("Pet'r Mot. Equitable Tolling," ECF No. 9.)

I. BACKGROUND AND PROCEDURAL HISTORY

On October 13, 2006, Petitioner was convicted in the Superior Court of New Jersey, Camden County of two counts of first-degree murder; one count of second-degree possession of a weapon for unlawful purpose; and one count of third-degree unlawful

possession of a weapon. (Pet., ECF No. 1 at 1.) On March 13, 2007, Petitioner was sentenced to two consecutive 30-year prison terms with 30-year periods of parole ineligibility on Counts 1 and 2; a 7-year concurrent prison term on Count 3; and a 4-year concurrent term on Count 4, for an aggregate 60-year prison term with an aggregate 60-year term of parole ineligibility. (Judgment, ECF No. 5-4.)

Petitioner filed a direct appeal on January 31, 2008. (Notice of Appeal, ECF No. 5-5.) The Appellate Division affirmed his conviction on June 17, 2010, but remanded to the trial court to merge Count 3 with Counts 1 and 2. (App. Div. Opinion, ECF No. 5-6.) The trial court entered an Amended Judgment of Conviction on July 15, 2010. (Am. JOC, ECF No. 5-7.) On June 29, 2010, Petitioner filed a petition for certification in the New Jersey Supreme Court. (Pet. for Cert., ECF No. 5-8.) The New Jersey Supreme Court denied the petition on October 28, 2010. (N.J. S. Ct. Order, ECF No. 5-9.)

On December 15, 2010, the New Jersey Superior Court, Law Division received Petitioner's *pro se* petition for post-conviction relief. (*Pro Se* Pet., ECF No. 5-10.) The PCR Court denied relief on June 28, 2013. (PCR Opinion, ECF No. 5-11.) Petitioner filed a Notice of Appeal in the Appellate Division on April 1, 2014. (Notice of Appeal, ECF No. 5-12.) On April 21, 2014, the Appellate Division granted Petitioner's motion to file the notice of appeal

within time. (App. Div. Order, ECF No. 5-13.) The Appellate Division affirmed the PCR Court's decision on June 28, 2016. (App. Div. Opinion, ECF No. 5-14.) Petitioner filed a petition for certification in the New Jersey Supreme Court on August 31, 2016. (Pet. for Cert., ECF No. 5-15.) The New Jersey Supreme Court denied the petition on November 9, 2016. (N.J. S. Ct. Order, ECF No. 5-16.)

Petitioner filed the instant petition for habeas corpus relief on September 21, 2017. (Pet., ECF No. 1.) However, he placed the petition in the prison mailing system on August 10, 2017. (Id., at 16.) Respondents filed their motion to dismiss the petition for timeliness on November 1, 2017. (Resp't Mot. to Dismiss, ECF No. 5.) On November 6, 2017, Petitioner filed his motion for stay and abeyance, stating he wished to raise unexhausted claims, and to proceed with a second PCR proceeding, while holding his habeas proceeding in abeyance. (Pet's Mot. to Stay, ECF No. 7.) On November 16, 2017, Respondents filed a letter brief in opposition to Petitioner's motion for stay and abeyance. (Resp't Opp. Brief, ECF No. 8.) On December 1, 2017, Petitioner filed a motion for equitable tolling of the statute of limitations. (Mot. for Equitable Tolling, ECF No. 9.)

II. DISCUSSION

    A.   Statute of Limitations

        1. <u>The Parties' Arguments</u>

Respondents seek to dismiss Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 because it was not filed within the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Respondents submit Petitioner's direct appeal became final for purposes of the habeas statute of limitations on January 26, 2011, upon expiration of the 90-day time period when Petitioner could have sought a writ of certiorari from the U.S. Supreme Court on his direct appeal. (Resp't Brief, ECF No. 5-1 at 19.)

Respondents contend that the habeas statute of limitations was tolled on December 15, 2010, when Petitioner filed a timely PCR petition. (Id.) The PCR Court denied relief on June 18, 2013, and Petitioner had 45 days, pursuant to New Jersey Court Rule 2:4-1(a), to file a notice of appeal. (Id.) Petitioner did not file a notice of appeal by the deadline of August 2, 2013. (Id. at 19-20.) Instead he filed an untimely notice of appeal on April 1, 2014. (Id. at 20.) The Appellate Division granted Petitioner's motion to file as within time on April 21, 2014. (Id.)

Respondents assert that 261 days (more than eight months) of the one-year habeas statute of limitations elapsed between August 2, 2013 and April 21, 2014, the time when Petitioner should have filed a timely notice of appeal of the PCR Court decision and the time when the Appellate Division granted his motion to file as within time. The statute of limitations was then tolled from April 21, 2014 through November 9, 2016, when Petitioner's PCR proceeding

4

became final. (Resp't Brief, ECF No. 5-1 at 20.) Respondents assert Petitioner did not file his habeas petition until September 22, 2017, more than seven months later. (Id. at 21.) Therefore, Petitioner filed his petition outside the one-year statute of limitations.

In response, Petitioner filed a motion for equitable tolling of the statute of limitations. (Mot. for Equitable Tolling, ECF No. 9.) In support of his motion, Petitioner submitted his declaration, which states, in relevant part:

> 10. On June 28, 2013, the Superior Court issued an order denying the petition for Post Conviction Relief.
>
> 11 Petitioner appealed the denial of the Petition for Post Conviction Relief to the Superior Court of New Jersey Appellate Division, STATE V. TARON HILL, Docket Number A-3415-13T4. On April 1, 2014, the Office of the Public Defender filed Notice of Appeal, as within time, along with a certification from Edward K. Germadnig stating the following:
>
>> Edward K. Germadnig of full age hereby certifies that:
>>
>> 1. I am an Attorney Assistant in the Intake Unit of the Office of the Public Defender, Appellate Section.
>>
>> 2. The date of the filing of the order is June 28, 2013. If timely filed, a Notice of Appeal would have been due on or before August 12, 2013.
>>
>> 3. Our file indicates that the transmittal of adult appeal form was timely signed by a pool attorney on July 22, 2013.

> 4. Since the defendant herein timely requested an appeal, and the reason for the delay is not his fault, it is most respectfully requested that the accompanying Notice of Appeal be filed, as within time. (See Exhibit 1).
>
> Wherefore Petitioner respectfully requests that equitable tolling be granted for the time that lapsed between Petitioner's application being denied and Post Conviction Relief appeal being filed, as the delay in the Public Defenders Office filing of the appeal was certified to not be the result of Petitioner's actions. (See Exhibit i).

(ECF No. 9 at 3-4.)

2. <u>Legal Standard</u>

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).[1] A properly filed application is one that was accepted for filing and was filed within the time limits prescribed. Id.

In New Jersey, a petitioner has 45 days to file a notice of appeal of a PCR Court decision. N.J. Ct. R. 2:4-1(a). "[O]nly a timely appeal tolls [the Anti-terrorism and Effective Death Penalty Act of 1996] AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of

---

[1] The tolling provision does not reset the date from which the one-year limitation period begins to run. Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) cert. denied, 538 U.S. 1022 (2003).

7

a notice of appeal in the higher court …" Evans v. Chavis, 546 U.S. 189, 197 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)).

3. Analysis

Petitioner's direct appeal became final on January 26, 2011, ninety days after the New Jersey Supreme Court rejected Petitioner's petition for certification on direct review on October 28, 2010. (N.J. S. Ct. Order, ECF No. 5-9.) The habeas statute of limitations was tolled when Petitioner filed a timely PCR petition on December 15, 2010. (*Pro Se* Pet., ECF No. 5-10.) The parties do not dispute that Petitioner's Notice of Appeal of the PCR Court's June 18, 2013 decision was untimely. The statute of limitations was not tolled from the date of the PCR Court's decision on June 18, 2013 through April 1, 2014, when Petitioner filed a motion to accept the late notice of appeal as timely. See Evans, 546 U.S. at 197 ("only a timely appeal tolls AEDPA's 1-year limitations period.") During this period, 286 days of the one-year statute of limitations ran.

Even if the period from April 1, 2014 through August 31, 2016 is tolled because the New Jersey Appellate Division granted Petitioner's April 1, 2014 motion to file a Notice of Appeal as within time,[2] Petitioner had only 79 days remaining to file his

---

[2] In Swartz v. Meyers, the Third Circuit did not have to reach the issue of whether the habeas statute of limitations should toll

8

federal habeas petition after the New Jersey Supreme Court denied his petition for certification on PCR appeal on August 31, 2016. Petitioner did not file his petition until August 10, 2017, under the prison mailbox rule.[3] The statute of limitations had long expired by that time.

B. Equitable Tolling

Petitioner seeks equitable tolling of the statute of limitations because his PCR counsel told the New Jersey Appellate Division it was not Petitioner's fault that his notice of appeal of the PCR Court's June 18, 2013 decision was untimely. (Pet'r Mot. Equitable Tolling, ECF No. 9 at 4.) According to Petitioner's PCR Counsel, a pool attorney had timely prepared the notice of appeal, but it was not filed until much later. (Id.)

Equitable tolling applies to the habeas statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland

---

while a request for permission to file a timely appeal (out of time) was pending before the court. Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000). It does not appear that the Third Circuit has reached that issue in a published decision. But see Thompson v. Administrator, New Jersey State Prison, 701 F. App'x 118, 124 (3d Cir. 2017) (quoting Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000) (holding that if a state court grants leave to pursue an out of time appeal, the proper period of exclusion for § 2244(d) purposes is "all time between the filing of the request to excuse the default and the state court's decision on the merits (if it elects to excuse the default.))

[3] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing. Id. at 649 (quoting Pace, 544 U.S. at 418 (emphasis deleted in original.)) A simple "garden variety" claim of attorney negligence, like miscalculation causing an untimely filing, does not satisfy the extraordinary circumstances needed to justify equitable tolling. Id. at 651.

PCR Counsel's failure to file a timely notice of appeal in this case appears to be a "garden variety" claim of attorney negligence. Petitioner has not presented extraordinary circumstances justifying equitable tolling or any facts suggesting that he exercised diligence in pursuing his rights, despite his attorney's negligence. Therefore, the Court denies Petitioner's motion for equitable tolling, but the motion is denied without prejudice. The Court will reopen this matter if Petitioner timely files a motion to reopen, and he provides additional information showing that he exercised reasonable diligence in pursuing his rights, and/or that PCR counsel misled him into believing his habeas petition would be timely filed without any action on his part. See e.g. Ross v. Varano, 712 F.3d 784, 803-04 (3d Cir. 2013) (finding equitable tolling proper where petitioner repeatedly urged his attorney to take action on appeal and stressed the

importance of timely filing a habeas petition, and attorney ignored most communications and misstated the law).

C.  Motion for Stay and Abeyance

After Respondents filed their motion to dismiss in this matter, Petitioner filed a motion for stay and abeyance of his mixed petition because he wishes to raise three unexhausted claims in a second PCR proceeding before habeas review. (Pet'r Mot. to Stay, ECF No. 7.) In Rhines v. Weber, the Supreme Court held that district courts have the discretion to stay mixed habeas petitions, those containing exhausted and unexhausted claims, while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 279 (2005). The Court reasoned that if a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy[4] after the limitations period has expired, this will likely mean the termination of any federal review. Id. at 275. Stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and only if the unexhausted claims are not plainly without merit. Id. at 277.

---

[4] In Rose v. Lundy, decided before Congress imposed a one-year statute of limitations on petitions under § 2254, the Supreme Court held that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." 455 U.S. 509, 522 (1982).

11

Here, because the habeas petition was untimely filed, there is nothing to stay and hold in abeyance. See Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (stay and abeyance of mixed habeas petition is only appropriate when a mixed petition is timely filed). Therefore, the Court denies Petitioner's motion for stay and abeyance as moot.

III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right based on his failure to timely file a petition under 28 U.S.C. § 2254. Therefore, the Court denies a certificate of appealability.

IV. CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss Petition on Timeliness Grounds is granted; Petitioner's Mot. for Stay and Abeyance until Second PCR is Heard and Final is denied; Petitioner's Motion for Equitable Tolling is denied without prejudice; and a certificate of appealability shall not issue.

DATE: May 9, 2018

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**